**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **LETONYA BANKS,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 3:11cv614** |
| **FRIEDMAN & MACFADYEN, P.A., et al.,** | |
| **Defendants.** | |

**DEFENDANTS' MEMORANDUM OF LAW IN**
**SUPPORT OF MOTION TO DISMISS THE COMPLAINT**

Defendant law firm Friedman & MacFadyen, P.A., defendant trustee F&M Services, L.C., and defendant Johnie R. Muncy (collectively, "**Defendants**"), by counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, make the following points and cite the following authorities in support of their *Motion to Dismiss the Complaint*.

**I.**
**INTRODUCTION**

Letonya Banks ("**Plaintiff**"), who is admittedly delinquent in her obligations to make mortgage payments, brings this action (the "**Complaint**") to recover damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "**FDCPA**") and Virginia common law in connection with the foreclosure sale of her home. Overwhelmingly, the paucity of factual allegations in the Complaint fails to give rise to plausible claims for relief. Plaintiff's individual claims fail for other reasons as well. Her FDCPA claims are barred by the one-year limitations period. She fails to substantiate the "duties" she claims Defendants owed her as trustee; she has not established a breach of those duties as a matter of law. Plaintiff has not alleged any material

1

misrepresentation and has not alleged how she relied on any representations. Finally, Plaintiff cannot establish a fundamental element of his conspiracy claim. For these reasons, the entire Complaint should be dismissed.

## II.
## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). The Supreme Court of the United States set forth the standard of review for Rule 12(b)(6) motions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), as follows:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted], a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *See Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, [citation omitted], on the assumption that all the allegations in the complaint are true (even if doubtful in fact) [citations omitted].

Elaborating further, in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009) (internal citations omitted), the Court explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Two working principles underlie our decision in *Twombly*. First,

the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

Likewise, this Court need not accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir.1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir.1979). The court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor must it "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009).

A Court may consider facts outside the contents of a complaint on a motion to dismiss without converting the motion to one for summary judgment in certain instances. *Secretary of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). In reviewing a request for dismissal of a complaint under Rule 12(b)(6), a district court may properly take judicial notice of matters of public record. *Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004) (citing *Papasan*, 478 U.S. at 268 n.1). A district court may consider documents attached

3

to the complaint, *see* Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic. *Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006); *Moore v. Flagstar Bank*, 6 F. Supp. 2d. 496 (E.D. Va. 1997). "[W]hen a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint and the Court may consider the same without converting the motion to one for summary judgment." *Gasner v. Cty. of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995); *Crouch v. Bank of Am., N.A.*, No. 2:11cv433, 2011 U.S. Dist. LEXIS 152548 (E.D. Va. Nov. 29, 2011) (considering deed of trust attached to defendant's brief on motion to dismiss).

### III.
### SUMMARY OF FACTUAL ALLEGATIONS

1.  In 2007, Plaintiff borrowed $152,500.00 from SunTrust Mortgage, Inc. pursuant to a promissory note (the "**Note**"), which was secured by a deed of trust on real property (the "**Deed of Trust**"). Complaint ¶¶ 8–9.

2.  At some point thereafter, Plaintiff became delinquent in her obligations to make payments under the terms of his Note and Deed of Trust. *Cf.* Complaint ¶ 1.

3.  As a result of Plaintiff's default, Defendants F&M Services and Muncy were appointed as substitute trustees under the Substitution of Trustee document (the "**Substitution of Trustee**"). Complaint ¶ 26.

4.  At the direction of the creditor, Defendants initiated the foreclosure process, which included mailing "various correspondences" to the Plaintiff. Complaint ¶ 18.

5.  The foreclosure process ultimately culminated in the sale of Plaintiff's property (the "**Property**") at a foreclosure sale. The Property was then conveyed by a trustee's deed (the "**Trustee's Deed**"). Complaint ¶ 33.

6.      Plaintiff filed this Complaint on September 16, 2011.

## IV.
## ARGUMENT

**A.      Plaintiff Fails to State a Claim under the Fair Debt Collection Practices Act (Counts I–VIII)**

In Counts I–VIII, Plaintiff alleges that Defendants violated eight subsections of the Fair Debt Collection Practices Act by:  (1) Not disclosing the amount of the debt within five days of the initial communication, Complaint ¶ 39; (2) Not disclosing the identity of the creditor within five days of the initial communication, Complaint ¶ 42; (3) Mischaracterizing the amount and legal status of the mortgage debt, Complaint ¶ 45; (4) Misrepresenting services rendered and compensation due;  Complaint ¶ 48;  (5)  Threatening  action  that  cannot  legally  be  taken, Complaint ¶ 51; (6) Using misrepresentations in the collection of the debt, Complaint ¶ 54; (7) Collecting an amount not authorized or permitted, Complaint ¶ 57; and (8) Threatening and taking action to dispossess property without authority, Complaint ¶ 60.  Plaintiff's claims fail for a number of reasons.  All eight are barred by the FDCPA's one-year limitations period. Furthermore, Defendants need not prove they had the noteholder's authority to foreclose.  If nothing else, the paucity of Plaintiff's allegations does not satisfy the pleading requirements established by the Supreme Court in *Twombly* and *Iqbal*.  For these reasons, Counts I–VIII should be dismissed for their failure to state a claim upon which relief can be granted.

**1.      Plaintiff's Claims Are Barred by the FDCPA's One-Year Limitations Period.**

Plaintiff's allegations under the Fair Debt Collection Practices Act should be dismissed with prejudice because these claims are barred by the FDCPA's one-year limitations period. Section 1692k of the FDCPA states that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court . . . **within one year**

from the date on which the violation occurs." 15 U.S.C. § 1692k(d) (emphasis added). For the purposes of calculating this limitations period, a "violation occurs" and the cause of action accrues on the date that a creditor acts, not the moment when the debtor actually realizes that a violation has occurred. *Tapia v. U.S. Bank, N.A.*, 718 F. Supp. 2d 689, 701 (E.D. Va. 2010), *aff'd* 441 F. App'x 166 (4th Cir. 2011); *see also Vitullo v. Mancini*, 684 F. Supp. 2d 747, 753 (E.D. Va. 2010).

In the instant case, Plaintiff filed her Complaint on September 16, 2011. To identify a viable claim under the Fair Debt Collection Practices Act, therefore, Plaintiff must allege that Defendants violated the FDCPA within one year of that date—or after September 16, 2010. Throughout her Complaint, Plaintiff makes numerous (and often baseless) allegations that Defendants violated the FDCPA. *See* Complaint ¶¶ 18–37 (identifying "various correspondence" and a Substitution of Trustee document that purportedly violate the FDCPA). Conspicuously, Plaintiff does not once indicate *when* those alleged violations occurred and, to avoid that issue, she elected not to attach the referenced documents as exhibits to the Complaint.

The Trustee's Deed, a copy of which is attached hereto as **EXHIBIT 1**,[1] reveals that Plaintiff's property was sold at foreclosure on September 14, 2010. The correspondences Plaintiff identifies purportedly "threatened" that Defendants "would conduct an alleged foreclosure sale." Complaint ¶ 18. The Substitution of Trustee gave Defendants "the authority to foreclose on Plaintiff's home." Complaint ¶ 24. Therefore, these documents necessarily predated the foreclosure sale. Furthermore, once Plaintiff's property was sold, there was no

---

[1]     Defendants' Motion to Dismiss is not converted to one for summary judgment because Plaintiff made particular reference to this document in the Complaint and relies on it as the basis for his claim. *Gasner v. Cty. of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995); *Crouch v. Bank of Am., N.A.*, No. 2:11cv433, 2011 U.S. Dist. LEXIS 152548 (E.D. Va. Nov. 29, 2011) (considering deed of trust attached to defendant's brief on motion to dismiss).

more "debt" to collect, rendering the FDCPA inapplicable. *See Calkins v. Shapiro & Anderson, L.L.P.*, No. 05-0815-PHX-ROS, 2005 U.S. Dist. LEXIS 33185, at *16–17 (D. Ariz. Dec. 13, 2005) ("Shapiro & Anderson did not have any contact with Plaintiffs until after the foreclosure sale of the property . . . . Thus, at the time Shapiro & Anderson contacted Plaintiffs there was no longer any "debt" to collect from Plaintiffs. **There being no "debt" to collect, the FDCPA does not apply.**" (emphasis added)); *see also Davidson v. JP Morgan Chase N.A.*, No. CV 11-03566, 2011 U.S. Dist. LEXIS 135573, at *10–11 (N.D. Cal. Nov. 23, 2011) ("Naiman did not correspond with plaintiff regarding his debt obligations or pending foreclosure proceedings. Simply put, by the time Naiman came onto the scene, the subject property had already been sold, and there was no longer any debt to collect."). Plaintiff makes no allegations under the FDCPA that could possibly fall within one year preceding the filing of this action. Thus, this Complaint states no plausible claim for relief under the FDCPA and must be dismissed with prejudice.

2. **Defendants Are Not Required to Prove That They Had the Noteholder's Authority.**

Plaintiff makes numerous allegations challenging the Substitution of Trustee document, and, consequently, Defendants' authority to foreclose. Complaint ¶¶ 23–28, 60. Even if these claims are not barred by the FDCPA's one-year limitations period, they fail to state a claim because Defendants are not required to prove in court that they had the noteholder's authority.

Plaintiff attempts to recast the widely-rejected "show me the note" theory as a FDCPA claim. Although Plaintiff alleges that Litton Loan Servicing, LP ("Litton") was not the "Noteholder of Plaintiff's mortgage loans at the time that [the Substitution of Trustee Document] was prepared," she brings no claims against Litton. Complaint ¶ 25. Instead, Plaintiff proceeds against Defendants for Litton's alleged lack of authority. Essentially, Plaintiff would have this Court permit Plaintiff standing to claim that Litton did not act with the authority of the

7

beneficiary when there is no allegation from the beneficiary that Litton lacked authority. Just as Litton would not be compelled to prove its authority to Plaintiff, Defendants are not required to prove Litton's authority either.

In *Pham v. Bank of New York*, No. 1:12cv2, 2012 U.S. Dist. LEXIS 51194, at *6 (E.D. Va. Apr. 10, 2012), the Court considered a trustee's motion to dismiss claims that it attempted foreclosure without proper authorization. In *Pham*, the Court recognized the plaintiff's claim for what it was—a repurposed "show me the note" theory. *Id.* at *11. Acknowledging that the "show me the note" defense to foreclosure has been widely rejected as "contrary to Virginia's non judicial foreclosure laws," the Court held that "a substitute trustee . . . should not be required to prove in court that it has the noteholder's authority." *Id.* at *11–12. In support of its position, the Court reasoned:

> To conclude otherwise would allow borrowers to compel judicial intervention in *any foreclosure proceeding where a deed of trust has changed hands or a substitute trustee has been appointed.* This result would be plainly contrary to Virginia law, which allows a trustee to foreclose on a loan in default, even if the original note cannot be found, without first seeking a court order.

*Id.* at *12–13 (emphasis added) (citing *Horvath v. Bank of New York, N.A.*, 641 F.3d 617, 623 (4th Cir. 2011)).

Here, Plaintiff asserts a FDCPA claim based on little more than the factual allegation that a substitute trustee was somehow incorrectly appointed. Plaintiff admits the property was collateral for an enforceable security interest. *See* Complaint ¶¶ 8–10. Plaintiff does not—and cannot—allege that she was not in default under the terms of that security interest. *Cf.* Complaint. ¶ 1 (conceding that Defendants were collecting a "delinquent home mortgage debt"). Plaintiff makes no allegation that some other party had authority to appoint Defendants. In fact, the sole basis for Plaintiff's claim is the allegation that Litton did not hold the Note. Complaint

¶ 25.   Yet, Litton is not required to possess or produce the original Note to commence foreclosure. *See Pham*, 2012 U.S. Dist. LEXIS 51194, at *11–12; *see also* VA. CODE ANN. § 55-59.1; *Horvath v. Bank of New York, N.A.*, 641 F.3d 617, 623 n.3 (4th Cir. 2011); *Gallant v. Deutsche Bank Nat'l Trust*, 766 F. Supp. 2d 714, 720–721 (W.D. Va. 2011).   Accordingly, Defendants are not required to prove that Chase held the Note at any particular time either.

### 3.   Plaintiff's FDCPA Claims Fail to Meet the Well-Pleaded Requirements Set Forth in *Twombly* and *Iqbal*.

Finally, many of Plaintiff's FDCPA allegations are little more than a cut-and-paste collection of statutory language, labels, and legal conclusions.   For example, in Count III, Plaintiff alleges that Defendants made a "false representation of the character, amount or legal status of any debt."   Complaint ¶ 45; *cf.* 15 U.S.C. § 1692e(2)(A).   There are no further allegations (factual or otherwise) in the Complaint to support the claim.   In fact, Plaintiff specifically contends that the "letters" sent to Plaintiff "did not include the amount of the debt."   Complaint ¶ 22.   Even liberally construed, Counts IV and VII suffer from similar deficiencies.   Again, Plaintiff cites the statutory language and brings the claim, but she does not make any allegations supporting the alleged FDCPA violations.   Complaint ¶¶ 48, 57.   Thus, many of Plaintiff's FDCPA claims have insufficient factual support and fail to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949.   This Court should not permit Plaintiff to unlock discovery with scant allegations.   Accordingly, these claims must be dismissed.

### B.   Plaintiff Fails to State a Claim for Breach of Fiduciary Duties (Count IX)

Perhaps recognizing the deficiencies of her FDCPA allegations, Plaintiff attempts a number of state law causes of action against Defendants.   The first of these allegations is for Defendants' alleged "breach of fiduciary duties under the common law of the Commonwealth of

Virginia." Complaint ¶ 63. Plaintiff does not, however, identify the source or scope of the alleged fiduciary duties. Furthermore, she fails to establish that Defendants violated the identified "duties" as a matter of law.

### 1.    Plaintiff Does Not Identify the Source and Scope of Defendants' Fiduciary Duties.

Plaintiff alleges that, "as trustees, Defendants were the fiduciaries for both the Plaintiff and the Noteholder, thus owing fiduciary duties to both parties." Complaint ¶ 64. Plaintiff does not, however, establish what those "duties" were. The duties of a trustee under a deed of trust are defined and governed by the deed of trust. *See Carter v. Countrywide Home Loans, Inc.*, No. 3:07cv651, 2008 U.S. Dist. LEXIS 67014, at *30 (E.D. Va. Sept. 2, 2008) ("[A] deed of trust gives rise to certain fiduciary duties. Under Virginia law, however, deeds of trust are treated under the same principles as contracts, and **the trustee only owes those duties that are listed in the deed of trust itself.**" (emphasis added)).[2] Plaintiff does not attach the Deed of Trust to her Complaint; she makes almost no reference to the contents of that Deed of Trust.[3] Without alleging the source and scope of the Defendants' supposed fiduciary duties, Plaintiff cannot

---

[2]      *See also Sheppard v. BAC Home Loans Servicing, LP*, No. 3:11cv62, 2012 U.S. Dist. LEXIS 7654, at *26 (W.D. Va. Jan. 24, 2012) ("[U]nder Virginia law, '[t]he powers and duties of a trustee under a deed of trust, given to secure the payment of a debt, are limited and defined by the instrument under which he acts.'" (citing *Warner v. Clementson*, 254 Va. 356, 361, 492 S.E.2d 655, 657 (1997); *Powell v. Adams*, 179 Va. 170, 174, 18 S.E.2d 261, 263 (1942))); *Horvath v. Bank of N.Y., N.A.*, No. 1:09cv1129, 2010 U.S. Dist. LEXIS 19965, at *4 (E.D. Va. Jan. 29, 2010) ("Plaintiff alleges that [trustee] breached its fiduciary duty . . . by failing to perform reasonable due diligence . . . as well as 'failing to remain impartial.' Under Virginia law, however, a trustee under a deed of trust has no such duty of diligence, and trustees only owe duties listed in the deed of trust." (citing *Carter*, 2008 U.S. Dist. LEXIS 67014, at *30 (E.D. Va. Sept. 2, 2008); *Fleet Finance v. Burke & Herbert Bank & Trust*, 27 Va. Cir. 98, 101 (Fairfax County 1992))).

[3]      In fact, she only identifies one requirement: "[A]ccording to Plaintiff's Deed of Trust, in the event of foreclosure sale, the Trustee is required to deliver title to the highest bidder at the sale." Complaint ¶ 36. As discussed *infra* Part IV.B.2.b, Plaintiff does not allege facts sufficient to support a violation of this duty.

plausibly establish that those duties have been violated. *See, e.g., Carter v. Countrywide Home Loans, Inc.*, No. 3:07cv651, 2008 U.S. Dist. LEXIS 67014, at *30–31 (E.D. Va. Sept. 2, 2008) (dismissing plaintiff's claim for breach of fiduciary duties because the complaint failed to allege the existence of some duties and provided only conclusory allegations that defendants violated statutory law).

2.      **Additionally, Plaintiff Cannot State a Claim for Breach of the Identified "Duties."**

Plaintiff identifies three ways that Defendants breached their fiduciary duties:  (1) by knowingly failing to act impartially; (2) by failing to undertake necessary actions regarding the foreclosure sale and notice of the foreclosure sale; and (3) by exceeding the scope of their authority.  Complaint ¶ 65.  Even assuming Plaintiff has established that Defendants owed her these duties under the Deed of Trust, she has failed to plausibly allege that Defendants breached these duties.

a.      **Defendants' Relationships Do Not Disqualify Them from Exercising the Powers Conferred by the Deed of Trust.**

The claim that Defendants failed to act impartially is a legal conclusion unsupported by factual allegations.  Plaintiff does not identify a single instance when Defendants failed to act as an impartial or neutral substitute trustee.   Instead, she alleges that the affiliations and relationships between Defendants and the creditors render Defendants unfit to serve as an impartial or neutral substitute trustee.  Complaint ¶¶ 30–31.  This claim fails as a matter of law.

In *Cerceo v. Shmidheiser*, No. 96-1781, 1997 U.S. App. LEXIS 13680, at *10–12 (4th Cir. June 10, 1997), the Fourth Circuit considered and rejected the very claim that Plaintiff brings now before this Court.  In *Cerceo*, the appellants argued that, because the trustee under a deed of trust also served as counsel for the creditor, "he cannot serve in both capacities without

violating his fiduciary duty." *Id.* at \*10–11.  Citing to VA. CODE ANN. § 26-58, the Fourth Circuit found that the appellants' allegations did not constitute a violation of Virginia law.  VA. CODE ANN. § 26-58 provides, in relevant part, that:

> The mere fact that a trustee in a deed of trust to secure a debt due to a corporation is a stockholder, member, employee, officer or director of, or counsel to, the corporation, **does not disqualify him from exercising the powers conferred by the trust deed nor does it render voidable a sale by such trustee in the exercise of the powers conferred on him by the trust deed** so long as he did not participate in the corporation's decision as to the amount to be bid at the sale of the trust property.

VA. CODE ANN. § 26-58 (emphasis added).  Accordingly, the Fourth Circuit concluded that the trustee "breached no duty owed to the Appellants given that section 26-58 explicitly provides that counsel for a creditor corporation may serve as a trustee under a deed of trust and that a foreclosure sale under such circumstances is valid unless the trustee participates in formulating the foreclosure sale bid." *Cerceo*, 1997 U.S. App. LEXIS 13680, at \*12.

In the instant case, Plaintiff claims that the "Substitute Trustees maintain a financial interest in Defendant Friedman and MacFadyen as well as F&M Services . . . and thus none of these entities and/or persons is an impartial or neutral 'substitute trustee.'" Complaint ¶ 30.  As provided by Virginia statute, the mere fact that the substitute trustee was a stockholder of a creditor corporation does not disqualify the trustee or void the sale.  Furthermore, Plaintiff cites (at length) a deposition in "the related *Goodrow* matter" for the proposition that Defendants maintained "an attorney-client relationship with every possible entity involved—the supposed investors, noteholders and servicers—on loans that [they] ultimately attempt[] to foreclose upon." Complaint ¶ 31.  Once again, it is irrelevant that the substitute trustee is counsel to the creditor corporation.  Accordingly, Plaintiff has failed to state a claim that Defendants breached their fiduciary duties by asserting these relationships make Defendants less than impartial.

b.     **Plaintiff's Complaint Provides Nothing More Than Conclusory Assertions that Defendants Failed to Take Necessary Actions Regarding the Foreclosure Sale.**

Plaintiff's allegations concerning the notice and manner of the foreclosure sale are similarly deficient. Plaintiff makes bald assertions that "[a]t no time did the [Defendants] actually provide the requisite notice of the foreclosure sale in a manner that complied with Virginia law," Complaint ¶ 29; and that "Trustees failed to deliver the Trustee's Deed conveying the property to the highest bidder," Complaint ¶ 37. The notice requirements for sale under a deed of trust are delineated in the Code of Virginia unless otherwise set forth in the Deed of Trust. *See, e.g.*, Va. Code Ann. § 55-59.2(A)(2) (listing the publication requirements for sale "[i]f the deed of trust does not provide for the number of publications"); *see generally* VA. CODE ANN. § 55-59.1 *et seq*. Plaintiff does not, however, identify which notice requirements Defendants violated—nor does she identify the source of these requirements. Furthermore, Plaintiff's assertion that Defendants failed to deliver the property to the highest bidder is utterly implausible and unsupported by factual allegations.[4] Plaintiff does not identify the highest bidder or the party to whom the property was conveyed. These conclusory allegations, therefore, are completely devoid of any factual allegations that would support a claim against Defendants.

In *Sheppard v. BAC Home Loans Servicing, LP*, No. 3:11cv62, 2012 U.S. Dist. LEXIS 7654, at *29 (W.D. Va. Jan. 24, 2012), the court considered similar allegations that a trustee "unlawfully advertised the subject property for sale at foreclosure, unlawfully auctioned it off, and unlawfully retained a commission for doing so." The court noted that the plaintiff failed to specifically identify the deficiencies in the way the trustee performed those tasks. *Id.* at *30. As

---

[4]     It is unclear whether Plaintiff alleges that Defendants failed to recognize the highest bidder at sale, or whether Defendants ultimately conveyed the property to a third party at the direction of the highest bidder. The first theory is ludicrous; the second, legal. Nevertheless, this ambiguity in this claim belies its deficiencies.

a result, the court dismissed those allegations: "Beyond the conclusory assertion that the advertisement of the foreclosure sale and the subsequent auction were 'unlawful,' the complaint is completely devoid of any factual allegations that would support a claim against [the trustee]." *Id.* In the instant case, as in *Sheppard*, Plaintiff has failed to allege anything more than the legal conclusion that Defendants failed to take the necessary actions with respect to the foreclosure sale. Accordingly, these claims must be dismissed.

c.   **Defendants Did Not Exceed the Scope of Their Authority Under the Deed of Trust by Foreclosing.**

Plaintiff's final allegation is that Defendants "exceed[ed] the scope of their authority." Complaint ¶ 65. The Complaint contains no support for this broad brushstroke allegation. To the contrary, Plaintiff was admittedly delinquent in making payments on her "mortgage." Complaint ¶ 1 (conceding that Defendants were collecting a "delinquent home mortgage debt"). Plaintiff's failure to make payments constitutes default under the Note and Deed of Trust and authorizes foreclosure. Thus, Plaintiff cannot make a plausible allegation that Defendants exceeded the scope of their authority. *See, e.g., Schafer v. Citibank, N.A.*, No. 1:10cv10, 2010 U.S. Dist. LEXIS 143833, at *16–17 (E.D. Va. Aug. 3, 2010) ("In *Tapia*, the Court held that **when the deed of trust authorizes a foreclosure there can be no breach of fiduciary duty.**" (emphasis added) (citing *Tapia v. U.S. Bank, N.A.*, 718 F. Supp. 2d 689, 700 (E.D. Va. 2010))).

C.   **Plaintiff Fails to State a Claim for Fraud (Count X).**

Plaintiff attempts to recast many of her FDCPA claims as common law fraud claims. She alleges that Defendants made material misrepresentations in their correspondences to her concerning the foreclosure sale, as well as in the Substitution of Trustee document and Trustee's

Deed.[5]  Plaintiff's allegations, which are deficient for the purposes of the FDCPA, also do not meet the heightened pleading requirements for fraud.  Furthermore, Plaintiff has not alleged and cannot establish the essential elements of her claim.  Finally, these claims are precluded by Virginia's economic loss doctrine.

### 1.    Plaintiff Has Not Pleaded Fraud with the Requisite Specificity.

Fraud claims are subject to a heightened pleading standard.  *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.");  *Ward's Equip., Inc. v. New Holland N. Am., Inc.*, 254 Va. 379, 385, 493 S.E.2d 516, 520 (1997) ("Generalized, nonspecific allegations . . . are insufficient to state a valid claim of fraud." (citing *Tuscarora, Inc. v. B.V.A. Credit Corp.*, 218 Va. 849, 858, 241 S.E.2d 778, 783 (1978)).  To comply with this heightened standard, a plaintiff alleging fraud must, "at a minimum, describe 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'  These facts are often 'referred to as the "who, what, when, where, and how" of the alleged fraud.'"  *Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008).  "[L]ack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under rule 12(b)(6)."  *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 n.5 (4th Cir. 1999).  Plaintiff's generalized allegations of fraud do not rise to these heightened pleading requirements.

Plaintiff alleges three false representations concerning the "Substitution of Trustee

---

[5]      As an initial matter, Plaintiff does not have standing to challenge the Substitution of Trustee or the Trustee's Deed.  *See Bennett v. Bank of Am., N.A.*, No. 3:12cv34, 2012 U.S. Dist. LEXIS 54725, at *21 (E.D. Va. Apr. 18, 2012) ("[B]ecause Plaintiff was not a party to the document appointing PFC, he lacks standing to challenge the validity of the appointment. BANA appointed PFC as substitute trustee and the lender's counsel prepared the document; [Plaintiff] had no direct involvement.");  *see also Sheppard v. BAC Home Loans Servicing, LP*, Case No. 3:11cv62, 2012 U.S. Dist. LEXIS 7654, at *21 n.7, *29 n.8 (W.D. Va. Jan. 24, 2012).

document." Complaint ¶¶ 70–72.  Plaintiff does not produce the document, nor does she state any particulars that would help to identify the document.  She does not specify who signed the document (and, thus, which of the "Defendants" should be held liable) or when it was signed. Furthermore, she makes no factual allegations in support of her legal conclusions that the persons signing the document did not have "personal knowledge" or "legal standing."  Plaintiff makes three identical allegations concerning the Trustee's Deed.  Complaint ¶¶ 73–75.  These allegations are deficient for precisely the same reasons.  Finally, Plaintiff alleges that Defendants made various material misrepresentations in their "correspondences."  Complaint ¶¶ 76–77; *see also id.* ¶ 18 ("Defendants sent various correspondences to the Plaintiff . . . .").  Throughout her entire Complaint, however, no details of the "who, what, when, where and how" are provided. Plaintiff's fraud allegations do not meet the threshold requirements of plausibility and fail to satisfy the heightened pleading standard for fraud.  Accordingly, this claim must be dismissed.

### 2. Plaintiff Does Not Allege All the Elements Necessary for a Fraud Claim.

To state a claim for actual fraud under Virginia law, a plaintiff must allege:  (1) a false representation; (2) of material fact; (3) intentionally and knowingly made; (4) with intent to mislead; (5) reliance by the party misled; and (6) resulting damage to the party misled.  *State Farm Mut. Auto Ins. v. Remley*, 270 Va. 209, 218, 618 S.E.2d 316, 321 (2005); *Davis v. Marshall Homes*, 265 Va. 159, 165, 576 S.E.2d 504, 506 (2003); *Cohn v. Knowledge Connections, Inc.*, 266 Va. 362, 367, 585 S.E.2d 578, 581 (2003).  Plaintiff's allegations do not identify false representations of material fact.  Furthermore, she cannot show that she relied on those representations or that she was damaged.

### a. Plaintiff Has Not Identified a False Representation of Material Fact

In order to state a claim for fraud, Plaintiff must first state a plausible allegation that the

Defendants' representations were, in fact, false. *See Bennett v. Bank of Am., N.A.*, No. 3:12cv34, 2012 U.S. Dist. LEXIS 54725, at *24–25 (E.D. Va. Apr. 18, 2012) ("[B]ecause Plaintiff has not plausibly alleged that PFC's appointment was invalid in the first instance, Plaintiff has not pled facts from which the Court can reasonably infer the first element of fraud—a false representation."). Here, Plaintiff makes unsubstantiated allegations that the persons signing documents lacked "personal knowledge" or "legal standing." Complaint ¶¶ 71–72, 74–75. She baldly asserts that Litton was not the "current Noteholder of Plaintiff's Mortgage." Complaint ¶¶ 70, 73, 77. These claims are unsupported legal conclusions—or, at best, conclusory factual allegations devoid of any reference to actual events—that this Court need not accept. *Revene,* 882 F.2d at 873; *Hirst,* 604 F.2d at 847.

Furthermore, similar claims have been attempted and rejected before as immaterial. In *Wolf v. Federal National Mortgage Ass'n*, No. 3:11cv25, 2011 U.S. Dist. LEXIS 135259, at *29–36 (W.D. Va. Nov. 23, 2011), for example, the plaintiff alleged that the creation of the document appointing the substitute trustee was an act of fraud because the pages were not attached when the document was executed. The court rejected this claim. It held that the alleged misrepresentation was immaterial because the document ultimately represented the intentions of the parties that created it.   *Id.* at *31 ("The document appointing PFC as substitute trustee, regardless of whether its pages were attached when it was executed, captured the intent of both BAC and PFC to be bound by it. In other words, both BAC and PFC wanted PFC to take Barrett's place as trustee."); *see also Bennett*, 2012 U.S. Dist. LEXIS 54725, at *25 (rejecting a plaintiff's claim for fraud relating to the appointment of a substitute trustee because the plaintiff did "not allege that the document . . . misrepresents the intentions of either party"). In the instant case, Plaintiff does not (and cannot) allege that Defendants and Litton did not wish to be bound

by the Substitution of Trustee or the Trustee's Deed.   Accordingly, any alleged misrepresentations are immaterial and do not support a claim for fraud.

### b.   Plaintiff Cannot Plausibly Plead Reliance and Resulting Damage

Furthermore, Plaintiff cannot show that she relied on the Defendants' alleged misrepresentations or that she suffered damage as a result of those representations.   Under Virginia law, reliance is a belief in the truth of a representation that causes a party to take action he would not otherwise take or to not take action he would otherwise take.   *See, e.g., American Surety Co. v. Hannah*, 143 Va. 291, 300–01, 130 S.E. 411, 414 (1925) ("Unless an untrue action is believed and acted upon, it can occasion no legal injury.").   Furthermore, there is no damage if the position of the misled party is no worse than if there had been no fraud.   *See Community Bank v. Wright*, 221 Va. 172, 175, 267 S.E.2d 158, 160 (1980) ("An allegation of fraud in the abstract does not give rise to a cause of action; it must be accompanied by allegation and proof of damage." (citing *Lloyd v. Smith*, 150 Va. 132, 149, 142 S.E. 363, 367 (1928))).   Accordingly, it is not enough that Plaintiff alleges that Defendants made a misrepresentation—she must show that, but for the misrepresentation, she could have prevented the sale of the Property.

In *Cormier v. Atlantic Law Group*, No. 3:12cv178, 2012 U.S. Dist. LEXIS 110885, at *12–15 (E.D. Va. Aug. 7, 2012), Judge Spencer recently considered and rejected a fraud claim in connection with a foreclosure sale.   In *Cormier*, the plaintiffs argued that their failure to avoid foreclosure resulted from their reliance on the defendant's statement that the foreclosure sale had been cancelled.   *Id.* at *14.   Because the plaintiffs had defaulted on their mortgage obligation and made no allegations that the misrepresentation contributed to that default, Judge Spencer dismissed their claim.   Specifically, he reasoned:

> Plaintiffs cannot show that the alleged injury suffered was the
> result of their reasonable reliance on Defendant's representation as

18

> opposed to Plaintiffs' default on their mortgage obligations.  Stated differently, **Plaintiffs cannot show that absent Defendant's representation they would have been able to prevent their home from being foreclosed.**

*Id.* at *11 (emphasis added).

Judge Spencer's holding is consistent with the considerable weight of authority throughout this Commonwealth.  *See Browning v. Fed. Nat'l Mortg. Ass'n*, No. 1:12cv9, 2012 U.S. Dist. LEXIS 47819, at *10 (W.D. Va. Apr. 5, 2012) ("[S]he makes no plausible allegations of what actions she would have taken to prevent the foreclosure sale or that such actions would have prevented the foreclosure sale. . . .  Thus, she cannot show that had the representations not been made . . . she would have been able to save her home from foreclosure."); *Wolf*, 2011 U.S. Dist. LEXIS 135259, at *32 ("Indeed, by the time PFC entered the scene, Wolf had already fallen into arrears on the note.  Thus, Wolf simply cannot argue that she relied on any misrepresentations to her detriment."); *Washington v. CitiMortgage, Inc.*, No. 3:10cv887, 2011 U.S. Dist. LEXIS 52105, at *27 (E.D. Va. May 16, 2011) ("The plaintiffs could not have relied upon this statement.  The Washingtons do not contend that they were mixed up and sent mortgage payments to the wrong bank or that they have not been credited with whatever mortgage payments they made.").

In the instant case, Plaintiff readily (albeit vaguely) identifies alleged misrepresentations in the foreclosure process.  Complaint ¶¶ 70–77.  She does not, however, contend that she was current under the terms of her Note and Deed of Trust.  *Cf.* Complaint ¶ 1 (conceding that Defendants were collecting a "delinquent home mortgage debt").  She does not allege that she sent payments to the wrong bank or was not credited for payments made; nor does Plaintiff identify any specific actions she could have—or even would have—taken to prevent the foreclosure sale.  *Cf.* Complaint ¶ 78 (alleging only that "Plaintiff relied on such

misrepresentations to her detriment"). Any implication or inference to the contrary is decidedly implausible. Plaintiff cannot plausibly demonstrate how she relied on or suffered damage from Defendants' representations. Thus, Plaintiff's fraud claim fails to state a claim and must be dismissed.

### 3.    Plaintiff's Claim is Barred by Virginia's Economic Loss Doctrine.

Finally, because Plaintiff's common law fraud claims arise from conduct governed by contracts, they fail to state a claim. According to Virginia's economic loss rule, a tort claim for fraud cannot lie if the alleged fraudulent conduct relates to the performance of a contract. *See Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.*, 236 Va. 419, 425, 374 S.E.2d 55, 58 (1988) ("Tort law is not designed . . . to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement."); *see also Augusta Mut. Ins. Co. v. Matson*, 274 Va. 199, 205–06, 645 S.E.2d 290, 294 (2007) (stating that fraudulent representations made during the performance of a contract do not give rise to a fraud claim); *Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 559, 507 S.E.2d 344, 347 (1998) (holding that fraudulent performance of a contract does not give rise to a fraud claim because the source of any duty breached arises from the underlying contract). This rule embodies the Supreme Court of Virginia's commitment to safeguard against "turning every breach of contract into an actionable claim for fraud." *Station #2, LLC v. Lynch*, 280 Va. 166, 174, 695 S.E.2d 537, 541 (2010).

As discussed above, deeds of trust are treated under the same principles as contracts. *Carter*, 2008 U.S. Dist. LEXIS 67014, at *30; *see generally supra* Part IV.B.1. Furthermore, the Note and Substitution of Trustee are contracts. *See Wolf*, 2011 U.S. Dist. LEXIS 135259, at *35 ("[T]he note evidencing the loan, the deed of trust securing it, the assignment to BAC, and the

appointment of PFC all represent contracts."). Thus, any duties owed by Defendants to Plaintiff do not exist absent an agreement between them. *Id.* As such, Plaintiff cannot recover in tort simply by recasting a contract claim as a tort claim. Accordingly, Plaintiff's fraud claim must be dismissed.

**D.    Plaintiff Fails to State a Claim for Civil Conspiracy (Count XI)**

A conspiracy requires that at least two persons or entities act in concert to accomplish an unlawful purpose or to accomplish some purpose by unlawful means. *Ross v. Peck Iron & Metal Co.*, 264 F.2d 262 (4th Cir. 1959); *Bull v. Logetronics, Inc.*, 323 F. Supp. 115 (E.D. Va. 1971); *Glass v. Glass*, 228 Va. 39, 321 S.E.2d 69 (1984). It is well-settled under the intra-corporate conspiracy doctrine that an entity cannot conspire with itself. *Buschi v. Kirven*, 775 F.2d 1240, 1251 (4th Cir. 1985). Consequently, the individual defendant employees cannot constitute the separate entities necessary to create a conspiracy because the employer and individual employees are viewed as a single entity. *See id.* (stating that "[s]imply joining corporate officers as defendants in their individual capacities is not enough to make them persons separate from the corporation in legal contemplation" (quoting *Cole v. Univ. of Hartford*, 391 F. Supp. 888, 893 (D. Conn. 1975)). "A corporation cannot conspire with itself any more than a private individual can, and . . . the acts of the agent are the acts of the corporation." *Id.* at 1251 (quoting *Nelson Radio & Supply Co. v. Motorola, Inc.,* 200 F.2d 911, 914 (5th Cir. 1952), *cert denied*, 345 U.S. 925 (1953)). Similarly, a corporation and its wholly owned subsidiary cannot conspire for the purposes of civil conspiracy to commit unlawful acts. *ePlus Technology, Inc. v. Aboud*, 313 F.3d 166, 169 (4th Cir. 2002); *Greenville Publishing Co., Inc. v. Daily Reflector, Inc.*, 496 F.2d 391, 399 (4th Cir. 1974). Moreover, attorneys cannot be liable for conspiracy based upon advice given during the lawful exercise of their professional functions. *See, e.g., Cherokee Corp. v.*

*Chicago Title Ins. Corp.*, 35 Va. Cir. 19, 32–33 (Warren County 1994) ("An attorney acting within the scope of his employment as attorney is immune from liability to third persons for actions arising out of that professional relationship.").

Here, Plaintiff has sued Friedman & MacFadyen, F&M Services, and Muncy for conspiracy based on actions Muncy took in the course of his employment with both entities, representing loan servicers during foreclosure activity.  Only one person, Muncy, is alleged to have taken any action in furtherance of this so-called conspiracy.  Muncy took all actions in the scope of his employment with Friedman & MacFadyen and F&M Services, or in his capacity as lawyer in the course of representing his client.  Also, Plaintiff alleges that Friedman & MacFadyen and F&M Services maintain financial interests in each other and that both employ many of the same persons.  Friedman & MacFadyen performed foreclosure-related legal work for F&M Services.[6]  Lawyer and client are legally incapable of conspiring.  Each of these reasons requires dismissal of the conspiracy claim.

## V.
## CONCLUSION

**WHEREFORE**, Defendants respectfully request that this Court grant their Motion to Dismiss the Complaint and award them such other and further legal and equitable relief as this Court deems just and proper.

Dated:  August 24, 2012               Respectfully submitted,

                                      **FRIEDMAN & MACFADYEN, P.A.,**
                                      **F&M SERVICES, L.C., and**
                                      **JOHNIE R. MUNCY,**

                                      **By Counsel**

---

[6] The Court will note that the face of **Exhibit 1** reflects that Muncy executed the Trustee's Deed for F&M Services, LC on a form prepared by Friedman & MacFadyen, P.A.

22

/s/ Andrew Biondi
_____
Douglas P. Rucker, Jr. (VSB No. 12776)
Andrew Biondi (VSB No. 48100)
Eric C. Howlett (VSB No. 82237)
SANDS ANDERSON PC
1111 East Main Street, Suite 2400 (23219)
Post Office Box 1998
Richmond, Virginia 23218-1998
Telephone: (804) 648-1636
Facsimile: (804) 783-7291
Email:  drucker@sandsanderson.com
Email:  abiondi@sandsanderson.com
Email:  ehowlett@sandsanderson.com
     *Counsel for Defendants*


## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of August, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

Dale W. Pittman
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
112-A West Tabb Street
Petersburg, Virginia  23803
Telephone:  804-861-6000
Facsimile:  804-861-3368
dale@pittmanlawoffice.com

Kristi Cahoon Kelly
SUROVELL ISAACS PETERSON & LEVY PLC
4010 University Drive, Suite 200
Fairfax, Virginia  22030
Telephone:  703-277-9774
Facsimile:  703-591-2149
kkelly@smillaw.com

Matthew James Erausquin
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, Virginia  22314
Telephone:  703-273-6080
Facsimile:  888-892-3512
matt@clalegal.com
*Counsel for Plaintiff*

/s/ Andrew Biondi

Andrew Biondi (VSB No. 48100)
SANDS ANDERSON PC
1111 East Main Street, Suite 2400 (23219)
Post Office Box 1998
Richmond, Virginia 23218-1998
Telephone: (804) 648-1636
Facsimile: (804) 783-7291
Email:  abiondi@sandsanderson.com
*Counsel for Defendants*